IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Miguel Urena, ) | Case No.: 5:23-cv-5202-JD-KDW |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER AND OPINION** |
| Shane Jackson, Warden Lee ) | |
| Correctional Institution, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Kaymani D. West (DE 27), made under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) of the District of South Carolina concerning Respondent Shane Jackson, Warden Lee Correctional Institution's ("Respondent" or "Warden Jackson") Motion for Summary Judgment (DE 22) seeking to dismiss Petitioner Miguel Urena's ("Petitioner" or "Urena") Section 2254 petition for habeas corpus.[1]

**A. Background**

The Report sets forth the relevant facts and legal standards, which the Court incorporates without a complete recitation. In any event, the Court provides this summary as a brief background.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1. **Procedural History**

Petitioner was arrested and detained in Dorchester County in November 2004 following a traffic stop. (App. 1–2.)[2] Petitioner was released on bond on or about December 15, 2004, and Petitioner left South Carolina. (App. 346.) The Dorchester County grand jury subsequently indicted Petitioner for trafficking in heroin >28GM during the March 2005 term of court. (App. 4–5.) Petitioner was tried in absentia in March 2006, and the jury found Petitioner guilty as indicted. (App. 4, 6.) (*Id.*) The trial court subsequently sealed Petitioner's sentence on March 16, 2006. (*Id.*)

Petitioner was arrested on other charges and detained in New York in November 2010. (App. 6.) Petitioner was convicted on his New York charges and received a four-year sentence on November 5, 2010. (*Id.*) After his sentence, Petitioner was extradited to South Carolina on December 31, 2012. (*Id.*) On February 21, 2013, Petitioner appeared in circuit court, and his March 2006 sentence was unsealed by the Honorable Judge E. Dickson, who imposed a sentence of 25 years imprisonment. (App. 6.) On May 13, 2013, the court entered a consent order modifying Petitioner's sentence to give Petitioner credit for the 786 days he spent incarcerated in New York and South Carolina before his February 21, 2013, sentencing. (App. 5–6.)

On May 5, 2014, Petitioner filed a belated notice of appeal in the South Carolina Court of Appeals ("Court of Appeals"). (App. 8–15.) On May 21, 2024, the Court of Appeals dismissed the appeal as untimely. (App. 16.) Petitioner applied for

---

[2] As stated in the Report (DE 27 at n.1), citations to "App." refer to the Appendix for Petitioner's Post-Conviction Relief ("PCR") proceedings and the page numbers on the bottom of the page. The appendix is available at DE 21-1 to 21-2 in this habeas matter.

2

post-conviction relief ("PCR") on May 22, 2015, in which he alleged he was being held in custody unlawfully based on ineffective assistance of trial and appellate counsel. (App. 19–23.) Petitioner filed an amended PCR application on February 10, 2016, in which he alleged additional ineffective assistance of counsel claims. (App. 32.) The State filed a return and motion to dismiss in July 2016. (App. 45–51.) Petitioner filed a second amended PCR application on September 16, 2016, which he amended on October 17, 2016, alleging additional ineffective assistance of trial counsel and post-trial counsel claims. (App. 59, 68.) The State filed an amended return and motion to dismiss on September 7, 2016. (App. 60–66.) On October 25, 2016, the Honorable Diane S. Goodstein held a hearing on the State's motion to dismiss Petitioner's PCR application. (App. 70–110.) At the end of the hearing, Judge Goodstein ordered that an evidentiary hearing be held on Petitioner's PCR application. (App. 108–110.) On December 13, 2016, Judge Goodstein issued an order denying the State's motion to dismiss, and scheduling Petitioner's pending PCR application for an evidentiary hearing. (App. 162–67.)

Petitioner filed an amendment to his PCR application on February 16, 2017, alleging ineffective assistance of trial counsel claims. (App. 169.) A PCR evidentiary hearing was held before the Honorable Robert E. Hood, Circuit Court Judge, on February 27, 2017, at which Petitioner, Petitioner's sister Yesnia Reyes, and his trial counsel testified. (App. 171, *et seq*.) On August 30, 2017, Judge Hood issued an order denying and dismissing P*e*titioner's PCR Application. (App. 346–63.) Petitioner filed a motion pursuant to Rule 59(a) & (e), SCRCP, on September 21, 2017, asking the

court to reconsider its ruling. (App. 365–72.) The court denied the motion to reconsider on October 4, 2017. (App. 375.)

Attorney Tricia A. Blanchette, who represented Petitioner on appeal, filed a notice of appeal on November 7, 2017. (DE. 21-3.) Attorney Blanchette filed a petition for writ of certiorari in the South Carolina Supreme Court on August 12, 2019, raising the following issue:

> Whether the Lower Court Erred in Finding that Petitioner was not Entitled to a Belated Appeal pursuant to *White v. State*, 263 S.C. 110, 108 S.E.2d 35 (1974).

(DE 21-4 at 3.) On January 7, 2020, the South Carolina Supreme Court transferred the petition to the Court of Appeals. (DE 21-5.) Petitioner moved to hold the appeal in abeyance and remand for reconstruction of trial and sentencing or the granting of a new trial on March 22, 2021. (DE 21-6.) The State filed a return in opposition and motion to dismiss the appeal on April 1, 2021. (DE 21-7.)

The Court of Appeals filed an order on June 4, 2021, denying Petitioner's motion to hold the appeal in abeyance and remand for reconstruction of the record or for a new trial and granting the State's motion dismiss the appeal. (DE 21-8.) The court explained:

> Petitioner was tried in his absence and sentenced for trafficking more than twenty-eight grams of heroin in March 2006. Petitioner's sentence remained sealed until he was extradited and appeared before the circuit court in February 2013. Following the denial of Petitioner's application for post-conviction relief, this court granted a belated direct appeal. Petitioner has discovered the transcripts of the trial and sentencing hearing are unavailable, and has filed a motion requesting this court (1) hold this appeal in abeyance, (2) remand for reconstruction of his trial and sentencing hearing, and (3) in the alternative remand for a new trial. The State filed a motion to dismiss the appeal, contending

> Petitioner's appeal should be dismissed pursuant to the fugitive disentitlement rule.
>
> After careful consideration of the parties' filings, Petitioner's motion to hold the appeal in abeyance and remand for reconstruction or a new trial is denied, and the State's motion to dismiss is granted. *See State v. Serrette*, 375 S.C. 650, 652-53, 654 S.E.2d 554, 555 (Ct. App. 2007) (dismissing a defendant's appeal because the defendant's willful decision to remain a fugitive from justice for nearly eleven years following his conviction presented an obstacle to orderly appellate review in that the decision led to the destruction of trial transcript pursuant to Rule 607(i), and thus, upon defendant's notice of appeal, he was not entitled to remand for reconstruction hearing). Additionally, even if the court remanded the case for reconstruction, the parties would not be able to reconstruct the record in light of the passage of time, the trial judge's retirement, and the South Carolina Appellate Court Rules not requiring the court reporter to maintain the tapes for this period of time. *See State v. Ladson*, 373 S.C. 320, 326, 644 S.E.2d 271, 274 (Ct. App. 2007) ("It is simply unrealistic and unreasonable to think that a trial judge and counsel can -- under these circumstances -- reconstruct a proper record that will permit meaningful appellate review, especially in light of our issue preservation rules."); Rule 607(i), SCACR ("Except as provided below, a court reporter shall retain the primary and backup tapes of a proceeding for a period of at least five (5) years after the date of the proceeding, and the court reporter may reuse or destroy the tapes after the expiration of that period.").

*(Id.)* The remittitur was issued on June 24, 2021. (DE 39-9.)

## 2.    Background

On October 18, 2023, Petitioner filed this federal petition for a writ of habeas corpus under 28 U.S.C. § 2254(a). (DE 1.) Petitioner seeks habeas corpus relief asserting that,

> The South Carolina courts' dismissal of Petitioner's appeal was in violation of his rights to due process under Fourteenth Amendment of the United States Constitution, and was therefore contrary to, or an unreasonable application of, clearly established federal law.

(DE 1 at 9.) Petitioner also claims his "petition is not time-barred under 28 U.S.C. § 2244(d) because extraordinary circumstances exist that weigh against the application

5

of the one-year statute of limitations." (*Id.* at 13.) Respondent moves for summary judgment, contending, among other things, that Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides for a one-year statute of limitations under 28 U.S.C. §2244(d) and that Petitioner's petition is beyond the statute of limitations. (DE 21.)

### B. Report and Recommendation

On October 30, 2024, the Magistrate Judge issued the Report recommending that Respondent's Motion for Summary Judgment (DE 27) be granted. The Report found as to Respondent's statute of limitations defense that,

> on June 4, 2021, the Court of Appeals denied Petitioner's motion to hold the appeal in abeyance and remand for reconstruction of the record or a new trial, and granted the State's motion to dismiss the appeal. See ECF No. 21-8. Because Petitioner did not take any further action concerning the appeal, the statute of limitation in Petitioner's case began to run, at the latest, the day after the remittitur was filed with the Dorchester County Clerk of Court on June 28, 2021. ECF No. 21-9. Petitioner therefore had until June 29, 2022, to timely file his § 2254 habeas petition. Petitioner did not file his habeas action until October 18, 2023, 476 days after the statute of limitations expired.

(DE 27 at 7-8.) As for Petitioner's claim that the statute of limitations should be equitably tolled, the Report found that,

> Petitioner has alleged insufficient facts to establish he is entitled to equitable tolling. The undersigned notes the state procedural history in this case, including the Petitioner's earlier efforts to file an appeal and post-conviction relief action on his March 2006 conviction and the May 13, 2013, sentencing. However, Petitioner has not offered any explanation or any other argument to explain his delay in filing his instant petition in this court, and therefore he has failed to demonstrate he acted with due diligence to warrant equitable tolling of the limitations period. As Petitioner filed his habeas Petition beyond the statute of limitations period, the undersigned recommends the Petition be dismissed.

6

(DE 27 at 9-10.) On November 12, 2024, Petitioner objected to the Report. (DE 28.)

### C. Legal Standard

To be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this Court is not required to give any explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

### D. Plaintiff's Objections

Petitioner challenges the Report's characterization "that he failed to diligently pursue his rights." (DE 28 at 2.) "Petitioner does not deny that there was a two-year gap between when the remittitur of his state appeals came down and the filing of habeas petition." (*Id.* at 1.) But he claims he exercised reasonable diligence by these acts

> He sought his direct appeal as a pro se litigant, then retained an attorney for post-conviction relief, and then sought the highest state review possible for his claims through a petition for writ of certiorari, which was granted and considered. After the full briefing on his petition for writ of certiorari was denied, he then sought out counsel, from prison,

7

> to file a habeas petition. Petitioner has followed the appellate system's rules and exhausted his state relief, despite the "unusual circumstances surrounding [Petitioner's] findings and sentencing" as the PCR court has put it. App. 351.

(DE 28 at 2.) Petitioner also suggests no "prejudice would be suffered by the State if the District Court were to consider Petitioner's claims on their merits." (*Id.*)

To begin with, as stated in the Report, the Fourth Circuit has underscored the very limited circumstances in which equitable tolling of the AEDPA's limitations period will be permitted, holding that a habeas petitioner "is only entitled to equitable tolling if he presents (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). The Report also stated that rarely will circumstances warrant equitable tolling of the AEDPA limitations period, stating:

> [A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes. To apply equity generously would loose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation. We believe, therefore, that any resort to equity must be reserved for those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result.

*Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000). Petitioner's objection does not reach, let alone overcome, his high burden to warrant equitable tolling of the AEDPA. Petitioner offers no details about any circumstances external to his conduct that would make it unconscionable to enforce the limitation period against him, and gross injustice would result. Since Petitioner has procedurally defaulted his habeas claim, this Court is "barred from reviewing" the merits of his petition. *Kornhrens v.*

8

*Evatt*, 66 F.3d 1350, 1364 (4th Cir. 1995). And so, the Court overrules Petitioner's objection.

### E. Conclusion

Accordingly, after a thorough review of the Report and Recommendation and the record in this case, the Court adopts the Report (DE 27) and incorporates it here by reference.

It is, therefore, **ORDERED** that Respondent's motion for summary judgment (DE 22) is granted and Petitioner's section 2254 petition for habeas corpus is dismissed. Further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
January 31, 2025

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order within thirty (30) days from this date under Rules 3 and 4 of the Federal Rules of Appellate Procedure.